IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DICK PACIFIC/GHEMM, JV, on behalf of W. A. Botting Company, | ) ) | No. 08-CV-417 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| THE UNITED STATES OF AMERCIA, | ) ) | |
| Defendant. | ) ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW, Dick Pacific/Ghemm, JV ("Dick Pacific"), of behalf of W.A. Botting Company ("Botting") for its Complaint herein, by and through its attorney of record, ROBERT H. CRICK, JR., and states and alleges as follows:

PARTIES AND JURISDICTION

1. Dick Pacific is the prime contractor to the United States of America (the "Government") on the construction project known as Bassett Hospital Replacement (the "Project"), Contract No. DACA85-02-C-0004 ("Prime Contract"), located at Ft. Wainwright, AK.

2. Botting subcontracted the mechanical portion of the Project from Dick Pacific.

3. The defendant is the United States of America, acting by and through the U.S. Army Corps of Engineers.

4. This claim arises out of two written contracts with the United States of America. The first contract is the Prime Contract for the Project and the second contract is the Settlement Agreement between the Government and Dick Pacific of April 16, 2007. The Court has jurisdiction over this matter under 28 U.S.C. 1491, and the Contract Disputes Act of 1978 (41 U.S.C. § 609).

STATEMENT OF THE CASE

5. Dick Pacific realleges paragraphs 1 through 4 herein.

6. On February 19, 2002, the Government, by the Alaska District of the U.S. Army Corps of Engineers, pursuant to its solicitation documents, awarded Contract No. DACA85-02-C-0004 to Dick Pacific, for the construction of a 32-bed, multi-story replacement hospital intended to serve the needs of the military, dependent, and retiree populations of Fort Wainwright, Fort Greely, Eielson AFB, and remote military sites north of the Alaska Range.

7. A subcontract for the mechanical portion of the Project was executed between Dick Pacific and Botting on or about May 16, 2002. Botting's subcontract incorporates FAR 52.216-14 ECONOMIC PRICE ADJUSTMENT – LABOR AND MATERIAL (JAN 1997) (as modified). Pursuant to FAR 52.216-14, generally known as the "EPA" clause, the Government is obligated to increase Botting's compensation in the event, and to the extent, that the labor rates (including fringe benefits) that Botting was required to pay increased during contract performance.

8. Contract notice to proceed was issued on March 14, 2002. Substantial Completion of the Project occurred on October 2, 2006.

9. On or about May 8, 2003, Dick Pacific, on behalf of Botting, requested an equitable adjustment to the contract under FAR 52.216-14, the EPA clause, for increases in scheduled labor rates experienced by Botting. On December 23, 2003, Dick Pacific submitted a revised request for equitable adjustment to reflect that Botting had experienced additional labor rate escalation.

10. The Government denied Dick Pacific's requests for equitable adjustment under the EPA clause on October 26, 2004.

11. On or about January 3, 2005, Dick Pacific, pursuant to the Contract Disputes Act, submitted a certified claim and requested a Contracting Officer's Decision regarding Botting's entitlement to an equitable adjustment under the EPA clause.

12. The Contracting Officer denied Botting entitlement to an equitable adjustment on March 11, 2005.

13. A Complaint appealing the Contracting Officer's Decision was filed with the United States Court of Federal Claims on April 11, 2005. The Government filed its Answer on August 9, 2005. The Parties stipulated to bifurcating liability from quantum.

14. Dick Pacific filed a Motion for Summary Judgment on August 31, 2006, seeking a declaration that an equitable adjustment was warranted for Botting under the EPA clause, FAR 52.216-4. On October 2, 2006, the Government filed a Response to Dick Pacific's Motion for Summary Judgment and a Cross-Motion for Summary Judgment seeking denial of Botting's claim for

equitable adjustment. On October 13, 2006, Dick Pacific filed its Opposition to the Government's Cross Motion for Summary Judgment and its Reply in Support of its own Motion for Summary Judgment.

15. On November 30, 2006, the Parties filed a Joint Motion to Stay Proceedings for settlement negotiations. The motion was granted effective February 5, 2007.

16. The Parties entered into settlement negotiations resulting in a Settlement Agreement dated April 16, 2007, whereby Botting waived its claim under the EPA clause to $315,151, which the Government had contended was included in Botting's sub-bid as a contingency for wage escalation. In exchange, the Government agreed that the inclusion of the referenced $315,151 by Botting in its sub-bid does not bar Botting from recovering additional EPA wage escalation costs, with applicable interest due, over the alleged included wage escalation costs of $315,151, and the Government further agreed to proceed with a verification audit of the remainder of Botting's EPA wage escalation claim.

17. Under the Settlement Agreement, Dick Pacific and Botting retain the right to challenge the audit amount in the appropriate forum and preserve any right to proceed judicially or otherwise to resolve the quantum of the amount owing by the Government.

18. As provided for in the Settlement Agreement, the Parties filed a Joint Stipulation for Dismissal on May 14, 2007. On even date, the Court dismissed the complaint without prejudice.

19. The Government performed, through the Defense Contract Audit Agency ("DCAA"), an audit of Botting's costs resulting in Audit Report No. 4261-2007A17200001, dated April 2, 2008. The audit report concluded that the cost or pricing data that Botting submitted in its claim is adequate; that there was no dispute with either the number of baseline hours nor with the baseline rate that Botting claimed, that the number of hours submitted by Botting for the EPA clause adjustment are accurate, and that the actual labor costs Botting claimed it incurred over the life of the Project are accurate. Nevertheless, the DCAA opined that Botting's EPA claim is not acceptable as a basis for a fair and reasonable settlement. That opinion is based solely on the DCAA's interpretation of the EPA clause and of certain other Federal Acquisition Regulations and of other sources outside of the Prime Contract.

20. <u>The Contracting Officer again denied Botting entitlement to an equitable adjustment on May 22, 2008.</u>

21. The issue presented to the Court is the amount that Botting is entitled to recover as an equitable adjustment to its subcontract pursuant the EPA clause, FAR 52.216-14.

22. Botting has experienced increased labor rates exceeding $759,596 to date. Under applicable principles of contract, law, and equity, Dick Pacific, on behalf of Botting, is entitled to recover this amount from the Government.

23. Dick Pacific, and its subcontractor, Botting, properly certified this claim as required by law, and have performed all conditions precedent to the bringing of this action before the United States Court of Federal Claims.

## FIRST CAUSE OF ACTION: BREACH OF THE SETTLEMENT AGREEMENT

24. Plaintiff realleges paragraphs 1 through 22 herein.

25. By its actions and inactions, the Government breached its express and implied contractual obligations under the Settlement Agreement.

26. As a direct result of the breach of contract, Dick Pacific has incurred damages in excess of $759,596.

## SECOND CAUSE OF ACTION: EQUITABLE ADJUSTMENT

27. Plaintiff realleges paragraphs 1 through 25 herein.

28. Pursuant to FAR 52.216-14, the Government is obligated to equitably adjust Dick Pacific's contract, and in turn, Botting's subcontract, in the event and to the extent that Botting experienced increased labor rates during contract performance.

29. The Government failed to equitably adjust Botting's contract.

30. As a direct result of the Government's failure, Botting has incurred damages in excess of $759,596.

## THIRD CAUSE OF ACTION: BREACH OF THE PRIME CONTRACT

31. Plaintiff realleges paragraphs 1 through 29 herein.

32. By its actions and inactions, the Government breached its express and implied contractual obligations under the Prime Contract with Dick Pacific.

33. As a direct result of the breach of contract, Dick Pacific has incurred damages in excess of $759,596.

## FOURTH CAUSE OF ACTION: QUANTUM MERUIT

34. Plaintiff realleges paragraphs 1 through 32 herein.

35. The Government has been unjustly enriched by the efforts of Dick Pacific and equity demands that the Government compensate Dick Pacific for the reasonable value of work provided.

36. The reasonable value of work provided by Dick Pacific, through Botting, is in excess of $759,596.

## PRAYER FOR RELIEF

WHEREFORE, Dick Pacific prays for relief as follows:

1. That the Contracting Officer's March 11, 2005, denial of Dick Pacific's request for equitable adjustment be overturned;
2. That the Contracting Officer's May 22, 2008, denial of Dick Pacific's request for wage escalation adjustment be overturned;
3. That the Government's DCAA Audit Report interpretations of the Prime Contract, of the Federal Acquisition Regulations, and of the law be rejected;
4. That the Government be estopped from relying on the DCAA's interpretations of the Prime Contract, the Federal Regulations, and the law;
5. That the Government be directed to compensate Dick Pacific, on behalf of Botting, in an amount not less than $759,596, plus any applicable mark-ups;

6. That interest be awarded on all amounts due Dick Pacific pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 611;

7. That Dick Pacific be awarded all costs and attorneys' fees permitted by law, including (without limitation) the Equal Access to Justice Act; and

8. For such other relief as the Court deems just and equitable.

DATED this 19th day of June, 2008.

\s\ Robert H. Crick, Jr.

ROBERT H. CRICK, JR.
ROBERT CRICK LAW FIRM, PLLC
9 S. Washington, Suite 720
Spokane, WA 99201
Telephone: (509) 747-0977
Facsimile: (509) 747-5251
Email: rob@cricklawfirm.com