**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DICK PACIFIC/GHEMM, JV,<br>on behalf of W.A. Bottling Company, | ) | |
| Plaintiff, | ) | No. 08-417C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ANSWER**

For its answer to the first amended complaint of plaintiff, Dick Pacific/Ghemm, JV ("Dick Pacific"), on behalf of W.A. Bottling Company ("Bottling"), defendant admits, denies, and alleges as follows:

PARTIES AND JURISDICTION

1. Admits.

2. Admits.

3. Admits.

4. The allegations contained in the first and second sentence of paragraph 4 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted. The allegations contained in the third sentence of paragraph 4 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

STATEMENT OF THE CASE

5. Defendant's responses to paragraphs 1 through 4 of the complaint are incorporated by reference.

6. Admits.

7. Denies the allegations contained in the first and second sentence of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 7, and further avers that FAR 52.216-14 is not the Economic Price Adjustment – Labor and Materials clause.

8. Admits.

9. Admits the allegations contained in the first and second sentences of paragraph 9 that Dick Pacific, on behalf of its subcontractor, Bottling, requested an equitable adjustment pursuant to the contract economic price adjustment clause on or about May 8, 2003, and submitted a revised request for equitable adjustment on or about December 23, 2003. Denies the remainder of the allegations contained in paragraph 9.

10. Admits.

11. Admits.

12. Denies the allegations contained in paragraph 12 and further avers that the contracting officer denied Dick Pacific's request (on behalf of its subcontractor, Bottling) for an equitable adjustment on March 11, 1995.

13. Admits the allegations contained in paragraph 13 that a complaint was filed with the United States Court of Federal Claims, that the Government filed its answer on August 9, 2005, and that the parties stipulated to bifurcating liability from quantum; denies the remainder of the allegations contained in paragraph 13 and further avers that a complaint was filed on April 8, 2005.

14. Admits.

15. Admits the allegations contained in the first sentence of paragraph 15. Denies the allegations contained in the second sentence of paragraph 15 and avers that the joint motion to stay proceedings was granted effective December 4, 2006.

16. Admits the allegation contained in the first sentence of paragraph 16 that the parties entered into settlement negotiations resulting in a settlement agreement dated April 16, 2007; denies the remainder of the allegations contained in the first sentence of paragraph 16 and further avers that Dick Pacific, with the authorization and approval of Botting, agreed that Botting is barred from recovering the amount of $315,151 included in its sub-bid allegedly for wage escalation, and releasing, waiving, and abandoning any and all claims to recover this amount as part of its EPA claim for wage escalation. Admits the allegations contained in the second sentence of paragraph 16.

17. Admits.

18. Admits the allegations contained in the first sentence of paragraph 18. Denies the allegations in the second sentence of paragraph 18, and further avers that the Court dismissed the complaint without prejudice on May 15, 2007.

19. Admits the allegations contained in the first sentence of paragraph 19. Admits the allegations contained in the second sentence that the audit report concluded that Botting submitted adequate cost or pricing data. Denies the remainder of the second sentence of paragraph 19 and further avers that DCAA took no exception to the baseline hours or the baseline rate and that it found no significant discrepancies with regard to Botting's regular and overtime hours. Admits the allegations contained in the third

sentence of paragraph 19 that the DCAA opined that the EPA claim is not acceptable as a basis for a fair and reasonable settlement and further avers that the claim was not prepared in all respects in accordance with appropriate provisions of FAR 52.261-4 and DFARS. The allegations contained in the fourth sentence of paragraph 19 are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Denies the allegations contained in paragraph 20 and further avers that the contracting officer denied Dick Pacific's request for equitable adjustment on May 22, 2008.

21. The allegations contained in paragraph 21 are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22. Denies the allegations contained in the first sentence of paragraph 22, for lack of knowledge or sufficient information to form a belief as to its truth. The allegations contained in the second sentence of paragraph 22 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

FIRST CAUSE OF ACTION: BREACH OF THE SETTLEMENT AGREEMENT

24. Defendant's responses to paragraphs 1 through 23 of the complaint are incorporated by reference.

25. Denies.

26. Denies.

SECOND CAUSE OF ACTION: EQUITABLE ADJUSTMENT

27. Defendant's responses to paragraphs 1 through 26 of the complaint are incorporated by reference.

28. Denies.

29. Admits the allegations contained in paragraph 29, that the defendant has not made an equitable adjustment to Botting's contract with Dick Pacific, and further avers that the defendant is not required to do so.

30. Denies.

**THIRD CAUSE OF ACTION: BREACH OF THE PRIME CONTRACT**

31. Defendant's responses to paragraphs 1 through 30 of the complaint are incorporated by reference.

32. Denies.

33. Denies.

**FOURTH CAUSE OF ACTION: QUANTUM MERIT**

34. Defendant's responses to paragraphs 1 through 33 of the Complaint are incorporated by reference.

35. Denies.

36. Denies.

PRAYER FOR RELIEF

37. Denies that plaintiff is entitled to the relief set forth in the prayer for relief or to any relief whatsoever.

38. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov
Attorneys for Defendant

August 5, 2008

**CERTIFICATE OF FILING**

I hereby certify that on this 5th day of August, 2008, a copy of the foregoing "ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice